UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TODD E. ENGELHARDT,

                        Plaintiff,

   -against-                                1:08-CV-00240
                                                   (LEK/DRH)

BANK OF AMERICA, Successor in Interest
to FLEETBOSTON FINANCIAL CORP.,

                        Defendant.

**DECISION AND ORDER**

     Currently before the Court is a Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Bank of America, Successor in Interest to FleetBoston Financial Corp. ("Defendant") on April 11, 2008.  Dkt. No. 9.

**I.    Background**

     Plaintiff Todd E. Engelhardt ("Plaintiff") was employed by Defendant or its predecessor from December 1997 until February 23, 2002.  Compl. at ¶ 3 (Dkt. No. 1, Ex. 1).  By letter dated February 11, 2002, Defendant notified Plaintiff that his employment would be terminated on February 24, 2002.  Id. at ¶ 4.  The letter (hereinafter "the Separation Agreement") contained an offer of separation pay and extended benefits "in accordance with the terms of the FleetBoston Financial Corp. Separation Pay and Benefits Plan for the Liberty Transaction ("the Plan")."  Id. On or about March 23, 2002, Plaintiff executed the Separation Agreement and returned it to Defendant with a cover letter stating, *inter alia*, that his "acceptance [was] in no way intended to waive any bonuses, incentives or commission payments due to [him] and, in fact, [was]

contingent upon these moneys being paid to [him]." Dkt. No. 9, Ex. C.  The letter further stated that Plaintiff was "also not waiving [his] right to [the money] in [his] Cash Balance Pension."  Id. At the end of March and beginning of April 2002, Defendant made two bi-weekly severance payments to Plaintiff.  Compl. at ¶ 7 (Dkt. No. 1, Ex. 1).  After these two installments, Defendant stopped making payments to Plaintiff.  Id.

On January 30, 2008, Plaintiff commenced this suit against Defendant in the Supreme Court of the State of New York asserting five causes of action.  Compl. (Dkt. No. 1, Ex. 1). First, Plaintiff alleged that Defendant breached the terms and conditions of the Separation Agreement by discontinuing his severance pay.  Id. at ¶¶ 8-10.  As a second cause of action, Plaintiff claimed that Defendant unilaterally and without notice terminated Plaintiff's Life Insurance coverage and 401(k) Retirement Savings Plan ("401(k)"), in further violation of the Separation Agreement.  Id. at ¶¶ 13-15.  Plaintiff's third, fourth and fifth causes of action sought money allegedly owed to Plaintiff under the terms and conditions of his employment agreement. Id. at ¶¶ 18-22, 25-27, 31-34.  On February 29, 2008, Defendant removed the case to this Court on the basis of diversity jurisdiction and federal question jurisdiction.  Dkt. No. 1.

Defendant has moved to dismiss Plaintiff's first and second causes of action on the grounds that Plaintiff fails to state a claim upon which relief can be granted.  Dkt. No. 9. Defendant argues that Plaintiff was not entitled to severance pay, 401(k) benefits or life insurance benefits because he did not fulfill his obligations under the Separation Agreement.  Id.

**II.    Discussion**

For a complaint to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to suggest a plausible claim for relief.  Bell Atlantic

v. Twombly, 127 S.Ct. 1955, 1969 (2007). When deciding a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). In making its determination, a court may consider the facts alleged in the complaint, the documents attached to the complaint, and the documents incorporated by reference in the complaint. See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002). As such, the Court will consider Plaintiff's Complaint, the Separation Agreement, and the Plan in its decision.

The Separation Agreement at issue in this action is an employee welfare benefit program and is thus governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, as amended ("ERISA"). Challenges to denials of benefits in ERISA cases are reviewed de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits." Firestone Tire & Rubber Co. v. Bruch, 498 U.S. 101, 115 (1989). If the plan confers such authority on the administrator, courts must review denials of benefits under a deferential arbitrary and capricious standard. Id. In the instant case, the Plan gives the Plan Administrator "such *discretionary powers* as are necessary to discharge his, her or its duties, including but not limited to, discretionary interpretation and construction of the Plan, and the *determination of all questions of eligibility, participation and benefits*." Drozynski Aff. at Ex. 1 (Dkt. No. 9, Ex. B) (emphasis added). Accordingly, the Court will review Defendant's denial of benefits to Plaintiff under the discretionary arbitrary and capricious standard.

As Defendant points out, the Southern District of New York addressed virtually identical facts in Kaul v. Hanover Direct, Inc.. 296 F.Supp. 506, 516-19 (S.D.N.Y. 2004). In Kaul, the defendant company offered the plaintiff employee severance payments and benefits upon notice

of the employee's termination.  Id. at 515.  The company conditioned its offer on the execution and delivery of a general release.  Id. at 516.  In its decision, the Court defined a "general release" as a release that covers *all* outstanding claims and demands at the time of its execution.  Id.  However, rather than execute the general release in its required form, the employee carved out several exceptions.  Id.  The Court held that the employee had not met the condition precedent of executing and delivering a general release and was thus not entitled to payments and benefits under the severance agreement.  Id. at 518.  It reasoned that the entire purpose of a general release was to avoid "a situation where [the company] would pay . . . severance benefits only to find itself later embroiled in litigation with [the employee] over other purported claims."  Id. at 517.  Similarly, in this case, unless Plaintiff delivered a general release to Defendant, he was not entitled to payments and benefits under the Separation Agreement.

The Separation Agreement and Plan explicitly make eligibility for benefits contingent upon the employee executing "in a form that is satisfactory to the Company, such documents as the Company may require, including an effective general release of all claims against the Company."  Drozynski Aff., Ex. 1, at Part III(7) (Dkt. No. 9, Ex. B).  This language, or a variation thereof, is included in both the "Eligibility" section and the "Disqualification From Eligibility For Benefits" section of the Plan.  Id. at Part III(7), IV.  Thus, signing a general release in a form satisfactory to Defendant was a contractual condition precedent to the receipt of benefits.

Yet, like the employee in Kaul, when Plaintiff returned the general release to Defendant, he carved out several exceptions.  Dkt. No. 9, Ex. C.  As the Southern District of New York stated, a release that carves out exceptions is "far from a 'general release.'"  See Kaul, 296

F.Supp. at 517. Because Plaintiff did not execute and deliver a general release, as the Separation Agreement required, Defendant's obligation to pay Plaintiff benefits was never triggered. Therefore, Defendant's decision to discontinue Plaintiff's benefits was not "arbitrary and capricious" because Defendant had no obligation to pay the benefits in the first place. All claims for violations of the Separation Agreement must therefore be dismissed.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss Counts I and II of Plaintiff's Complaint (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Counts I and II of Plaintiff's Complaint (Dkt. No. 1, Ex. 1) are **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED: August 12, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge